1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4

5   ERIC GRIFFIN,                          )
                                           )
6              Plaintiff,                   )          2:10-cv-01253-GMN-LRL
                                           )
7   vs.                                     )
                                           )          **ORDER**
8   LAS VEGAS REVIEW JOURNAL                )
                                           )
9              Defendant.                   )
    _____/

10

11             This is a prisoner civil rights action.  Plaintiff has failed to submit an application to proceed *in*

12   *forma pauperis* on the required form.  *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special

13   Proceedings 1-1, 1-2.  Instead, plaintiff has filed a document styled "motion to proceed without *in forma*

14   *pauperis*" (docket #1).[1]  As set forth below, even in the absence of an application to proceed *in forma*

15   *pauperis*, the court must dismiss the complaint with prejudice as factually frivolous.  The court now

16   reviews the complaint as well as a motion for counsel.

17   **I. Plaintiff's Motion for Appointment of Counsel**

18             Plaintiff has filed an "emergency motion for counsel," seeking the appointment of counsel in this

19   case (docket #2).  A litigant in a civil rights action does not have a Sixth Amendment right to appointed

20   counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances,

21   federal courts are empowered to request an attorney to represent an indigent civil litigant.  The

22   circumstances in which a court will make such a request, however, are exceedingly rare, and the court

23   will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*,

24

25   _____

26   [1]The court notes that plaintiff asks to proceed without paying the filing fee "due to the misconduct and the medical need of plaintiff," but the complaint does not allege any medical issue.  Because, as will be discussed, plaintiff's complaint must be dismissed as delusional and factually frivolous, plaintiff's "motion to proceed *in forma pauperis"* is rendered moot.

795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings.  The court will not enter an order directing the appointment of counsel.  As discussed below, plaintiff's complaint must be dismissed with prejudice as factually frivolous.  Plaintiff's motion for the appointment of counsel is denied.

**II.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*

fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932

F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate when the

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a

court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

1995).

## III.  Instant Complaint

Plaintiff, who is detained at the North Las Vegas Detention Center ("NLVDC"), has named as

defendants the Las Vegas Review Journal ("Review Journal") and Doe defendants.  Plaintiff's rambling

complaint is difficult to decipher, but he appears to allege that the Review Journal "ran an ad" falsely

stating that plaintiff was guilty of a crime, which biased the grand jury that returned an indictment

against plaintiff.  Allegations include that the newspaper deprived plaintiff of his right to a fair trial and

failed to report that he is being held hostage and tortured, that

> fbi/AAG welsh is refusing to investigate our arrest suspect who
> federal express 4 fake U.S. postal money order to Mr. Griffin home and
> also mailed Mr. Griffin corporate check from Canada with Wells Fargo
> as the bank on the check which the check was for 30 thousand dollars .
> . . . [that] Canadian investigators had evidence that the use of
> these banned weapons which murder infant Jaden Austin and killed a veteran
> Herbert Decker and now is being used on Mr. Griffin from the same
> house hold and other citizen was being ordered by the White House as a
> part of the NSA illegal spy program and the CIA and FBI torture program
> . . . . and [that] Mr. Griffin had a major contract with a company . . . to
> make a counter weapon for citizen and soldiers and victims of these cover
> weapons but the White House made them stop working on this counter
> weapon. . . .

The court notes plaintiff's lengthy history as a litigant before this court.  Court records indicate

that plaintiff has filed at least twenty-five actions in this court, prior and subsequent to his detention.

(*See, e.g., Griffin, et al. v. Steward, et al.*, 2:06-cv-00122-KJD-RJJ; *Griffin et al. v. Dept. of Defence*

*[sic] et al.*, 2:07-cv-01266-RLH-RJJ; *People of Iran et al. v. United States Department of Justice, et al.*,

2:10-cv-00087-RCJ-PAL; *People of China et al. v. United States Department of Justice, et al.*, 2:10-cv-00091-JCM-PAL).  Numerous complaints filed by plaintiff have been dismissed with prejudice for setting forth fantastic and delusional claims that lack any tenable legal theory.  (*See, e.g., Griffin v. Bush*, 2:07-cv-00617-RCJ-GWF (dismissing with prejudice "based on an indisputably meritless legal theory and frivolity" complaint that included allegations that President George W. Bush was involved in injecting plaintiff's brain with chemicals used to place subliminal and hypnotic messages into his brain causing torture and mind control) (docket #s 3, 7); *Griffin v. White House, et al.*, 2:08-cv-00303-RCJ-GWF (dismissing with prejudice "based on an indisputably meritless legal theory and frivolity" complaint that included allegations that plaintiff was being held hostage by "voice to skull/mkultra" an alleged biological weapon and that Dick Cheney "violated" him by not informing Senator Reid's office to aid plaintiff by removing the banned biological weapon) (docket #s 2, 4); *Griffin v. Leavitt et al.*, 2:09-cv-00845-PMP-GWF (dismissing with prejudice as "fantastic, delusional, and irrational" complaint that alleged torture by "Voice-to-Skull technology") (docket #s 5, 11); *Griffin et al. v. Pro*, 2:09-cv-01126-RCJ-GWF (noting that plaintiff has filed numerous lawsuits with this court alleging that he is being tortured by technological devices or chemicals that allow the government to eavesdrop on plaintiff, and dismissing with prejudice as "fantastic, delusional and irrational" complaint that included allegations that the court has covered up a "RICO Act crime" that resulted in several deaths and the ongoing assault of plaintiff) (docket #s 5, 8)).

Here, lack of an application to proceed *in forma pauperis* notwithstanding, the court finds that plaintiff's allegations are fantastic, delusional and irrational.  This complaint must be dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  The court need not reach the issue of the propriety of attempting to name the Review Journal as defendant in this action.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that the Clerk shall **FILE** the complaint (docket #1-1).

IT IS FURTHER ORDERED that plaintiff's complaint is **DISMISSED with prejudice** as

1   delusional and factually frivolous.

2       **IT IS FURTHER ORDERED** that plaintiff's motion to proceed without *in forma pauperis*

3   (docket #1) is **DENIED**.

4       **IT IS FURTHER ORDERED** that plaintiff's "emergency motion for counsel" (docket #2) is

5   **DENIED**.

6       **IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close

7   this case.

8       DATED this   9th   day of August, 2010.

9

10                                                 GLORIA M. NAVARRO

11                                               UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26